UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


ISAAC LAVELL ANDERSON, JR.,

      Petitioner,

v.                                    Case No.  6:13-cv-517-Orl-28DAB

SECRETARY, DEPARTMENT
  OF CORRECTIONS, et al.,

      Respondents.

_____/


## ORDER

Petitioner, Isaac Lavell Anderson, Jr., initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1).  However, Anderson currently has pending a motion for post conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court,  which concerns the judgment of conviction and sentence under attack in this case. *See* Doc. No. 1 at 5.

The Rules governing habeas corpus cases permit the Court to summarily dismiss a petition when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.   In this case, Anderson is currently pursuing his state court remedies through a Rule 3.850 motion with the state

trial court. "To allow simultaneous federal and state proceedings would offend the principles of comity that form the basis for the exhaustion requirement." *Brown v. Walker*, No. 1: 09–cv–2534–WSD, 2010 WL 3516820, at *1 (N.D. Ga. Aug. 31, 2010) (citing *Horowitz v. Wainwright*, 709 F.2d 1403, 1404 (11th Cir.1983). Anderson has not alleged that existing circumstances render his available state remedies ineffective to protect his right, and there is no indication that excessive delay has violated his right to due process or rendered state process ineffective.

As a matter of comity, it is best left to the Florida state courts to determine Anderson's constitutional claims and challenges, which are still pending and have not yet been exhausted. In particular, the pending Rule 3.850 proceedings might result in the reversal of Anderson's conviction and eliminate the federal question, thereby rendering any decision by this Court moot and wasting precious judicial resources. Consequently, the Court concludes that this case should be dismissed in light of the pending Rule 3.850 motion with the state trial court.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.     The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Isaac Lavelle Anderson, Jr. is **DENIED**, and this case is **DISMISSED WITHOUT PREJUDICE.**

2.     The Clerk of the Court is directed to enter judgment accordingly and to close this case.

3.      Anderson has failed to make a substantial showing of the denial of a constitutional right.  Therefore, a certificate of appealability shall not issue. 28 U.S.C. § 2253(b)(2).

**DONE AND ORDERED** in Chambers in Orlando, Florida, this _18_ day of April, 2013.

_____
JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 4/18
Isaac Lavelle Anderson, Jr.